**JAMES H. BUNCE CO., Inc., v. EATON, Internal Revenue Collector.**

District Court, D. Connecticut. December 5, 1929.

No. 3330.

Cambria & Kosicki, of Middletown, Conn., for plaintiff.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eldon O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BURROWS, District Judge. This action at law was instituted in the United States District Court for the District of Connecticut by the James H. Bunce Company, Inc., v. Eaton, Collector, to recover $8,994.64, alleged to have been erroneously collected from it as income and profits taxes—$2,028.22 for the year 1917 and $6,966.42 for the year 1918. Said taxpayer took an appeal to the United States Board of Tax Appeals from a deficiency in tax proposed to be assessed against it by the Commissioner of Internal Revenue. The Board of Tax Appeals held (decision March 18, 1925), that the proposed action of the Commissioner was lawful (1 B. T. A. 848), and the tax was thereupon assessed and collected. Taxpayer then instituted this suit which was tried by the court, jury having been waived by written stipulation. The question arises under section 203 of the 1918 Revenue Act (40 Stat. 1060) and certain Treasury Department regulations dealing with the use of inventories for tax purposes.

The defendant has requested the court to find, and I do find the facts as follows:

I. The plaintiff, the James H. Bunce Company, Inc., is a corporation organized under the laws of the state of Connecticut, and, during the years 1917 and 1918, operated a general department store in Middletown, Conn.

II. Plaintiff priced its closing inventory for income tax purposes for the calendar year 1917 at cost, and then deducted, from the total cost of the inventory, 6 per cent. thereof, and the amount remaining is claimed as the value of plaintiff's closing inventory for tax purposes. The percentage deduction was taken from the total inventory and was taken to bring the inventory down to the claimed market value thereof on December 31, 1917. Cost on December 31, 1917, was, however, lower than market.

III. Plaintiff took its closing inventory for the calendar year 1918 upon a different basis, as follows: In 20 of the 29 departments of the store inventories were taken at retail selling prices and reduced by percentages varying from 45 to 60 per cent. In the inventory sheets, the total of selling prices was designated "retail," and the reduced totals were designated "market." These "market" figures were used in the inventory, no determinations of actual cost being made for any of these 20 departments, no comparisons of cost and market, either with respect to particular items, groups, or totals of departments being made. In the other 9 departments of the store, goods were inventoried at cost, no comparisons being made with market value. In some of these departments the inventory was taken at cost, and in others 90 per cent of cost was regarded as "market."

IV. A part of the claimed deduction from inventories for both 1917 and 1918 was taken because of losses alleged to have been sustained on account of merchandise on hand which had become unsalable at normal prices because of obsolescence, shop wear, and damage.

V. The percentage by which plaintiff reduced its closing inventories for both 1917 and 1918 was estimated, and is in addition to deductions on account of obsolescence, shop wear, and damage to its merchandise and mark downs to market prices, noted on plaintiff's records, and allowed by the Commissioner.

VI. The Commissioner of Internal Revenue priced plaintiff's closing inventories for both 1917 and 1918 at cost and used for this purpose the cost stated upon plaintiff's records, which, it is admitted, are correct.

VII. Plaintiff maintained records showing the cost of all merchandise purchased by it during the said years. Price tags bearing the retail selling price of its merchandise were attached to each article. The percentage deductions from its closing inventories, now claimed, were not recorded in any way on its records prior to the closing of each year, nor did plaintiff on or near the inventory dates offer to sell or sell its merchandise at the now claimed market prices.

VIII. While plaintiff claims it sustained a loss during 1917 and 1918, because certain merchandise on hand at the close of each year had become obsolete or shopworn, the claimed losses were not actually sustained during these years, inasmuch as such merchandise had not been sold.

The only question is: Did the plaintiff for the years 1917 and 1918 use the proper method of inventorying the merchandise held at the close of each said taxable year?

Section 203 of the Revenue Act of 1918 provides as follows: "That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

From time to time the Treasury Department has adopted rules relating to inventories, all of them of about the same purport, and provide that a taxpayer, in valuing his inventory, may adopt the basis of cost, or cost or market price, whichever is lower. See T. D. 2609, December 19, 1917; T. D. 2831, April 16, 1919; and T. D. 2831, December 30, 1920.

For the calendar year 1917 the plaintiff attempted to arrive at market value by deducting 6 per cent. from cost. What should have been done was to use either the cost of the goods inventoried or the market value, whichever was lower. As a matter of fact, Mr. Bunce, witness for the plaintiff, testified that at that time market values were higher than cost. Therefore, cost being lower than market at that time, the plaintiff was not entitled to the 6 per cent. deduction which it took from cost. This shows conclusively that the method used by the plaintiff was wrong.

For the calendar year 1918, in some of the departments the inventory was taken at cost, and in others 90 per cent. of cost was regarded as market. Assuming that the plaintiff had taken cost in some departments, and market in others without resorting to percentages, even then the method of taking inventory would have been wrong.

The law provides that he may value his inventory on the basis of cost or cost or market, whichever is lower. He cannot use both in the same inventory. Also, where the inventory for the year 1917 was taken at cost and then a change was made in part for the year 1918 to inventorying at retail prices, it is quite clear that the true taxable amount cannot be obtained for the year 1918, without first changing the basis of comparison, by changing the inventory at the close of the year 1917 from cost basis to retail basis. Consequently, as this was not done by the plaintiff, the true income was not reflected by the inventory.

Since the burden of proof is upon the plaintiff to prove that the taxes in question were erroneously assessed, which it has not accomplished, this action must fail.

Defendant's motion for judgment is granted. The plaintiff's action is dismissed, with costs to the defendant.

An order may be submitted accordingly.